OPINION OF THE COURT
Bernard F. McCaffrey, J.
The court notes that following a meeting of various New York State agencies during January 1989 involving officials of the Division of Criminal Justice Services, Division of State Police, Office of Court Administration, as well as the Division of Probation and Correctional Alternatives, the Probation Departments were advised that they would no longer be *493 permitted to access criminal history information for custody and adoption matters via the computerized NYSPIN.
The court, in its decision dated April 21, 1989 in this matter (143 Mise 2d 582), stated that it is difficult to conceive of any more important function that a court is charged with than of matters involving allegations of child physical and/or sexual abuse.
The cardinal rule in all custody and visitation matters is a court determination based upon the best interest of the child. Therefore, it is inconceivable to deprive the court of an essential, meaningful, complete, timely probation report. There is no question but that one of the most difficult assignments a court can have is that of a disputed custody matter involving an underlying issue of child sexual and/or physical abuse.
Therefore, this court, pursuant to an order of April 21, 1989, determined that the directives of the Division of Criminal Justice Services and the Division of State Police to the Nassau County Department of Probation and Correctional Alternatives denying access to the Probation Department in custody matters of criminal history of the parties via NYSPIN are vacated where the court by its order directing a probation investigation finds that such criminal information data is necessary, or the Probation Department finds that the access to the criminal history information of the parties is necessary in order to comply with their duty to fully investigate and submit a report and recommendation to the court.
The court further noted that these matters are best resolved when agencies can resolve their differences by mutual accord. Thus, the court stayed the effectiveness of this court’s order.
Thereafter, following constructive conferences between the court and the New York Attorney-General’s Office (Assistant Attorney-General Robert K. Drinan) and officials of the concerned State agencies, a meaningful resolution of this matter was arrived at between the parties.
Thus, the prior directives of the Division of Criminal Justice Services and the Division of State Police in this court’s order of April 21, 1989 are vacated.
Further, effective herewith, upon receipt of a request by the Probation Department, the Division of Criminal Justice Services of the State of New York is directed to search its files for any criminal history record and to promptly deliver to the Probation Department such criminal history record or a no *494 record reply as appropriate, all in accordance with the provisions of the following form of order:
"This matter is respectfully referred to the Nassau County Probation Department and the Nassau County Department of Mental Health, Department of Mental Retardation and Developmental Disabilities, Forensic Services for the usual background study and psychological evaluation of the parties, the infant issue of the marriage, and any other persons that the Probation Department and/or Forensic Services deem necessary.
"In furtherance of this proceeding, the Division of Criminal Justice Services (DCJS) is hereby ordered to search its files for a criminal history record on the basis of the information provided by Probation, and to promptly deliver to them such criminal history record or a no record reply as appropriate. This order shall be served on DCJS by the Probation Department immediately upon receipt of same. DCJS shall expeditiously respond to the Probation Department with the requisite information. Where feasible, service of the order by Probation and the reply from DCJS shall be by FAX.
"After completion of the above-mentioned procedures, it is further ordered that the aforesaid agencies submit their reports and recommendations to this court for its consideration.”